**In the Matter of the Application of [SEALED]**

**To Confirm and Enforce An International Arbitral Award Issued by an Arbitral Tribunal of the International Court of Arbitration International Chamber of Commerce Against [Sealed].**

**No. CIV.A. CV–98–6025 DGT.**

United States District Court,
E.D. New York.

Sept. 28, 1999.

Steven R. Schoenfeld, Haythe & Curley, New York, NY, for petitioner.

Michael C. Silberberg, Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C., New York, NY, for respondent.

*MEMORANDUM*

TRAGER, District Judge.

This action was commenced on September 29, 1998 to enforce an arbitration award dated September 22, 1998. Previously, I had supervised discovery in the matter during which serious allegations of fraudulent conduct had been made by both parties. Included in the papers filed to enforce the award was a 224–page opinion by the arbitration panel setting forth in detail the claims, counterclaims and the basis for the decision. Shortly after the filing of the action, the parties notified the court that the matter was close to settlement by payment of the award and I was requested to do nothing in the interim. Later, an order was presented for my signature that provided for, among other things, the sealing of the settlement documents. Although I agreed orally to seal the settlement papers in order to permit the settlement to go forward, I was concerned that by agreeing to seal the arbitration award, I would be assisting in the concealment of findings of fraudulent conduct by one or more of the parties. Now, having had the opportunity to review the panel's opinion, I am satisfied that the settlement papers might properly be sealed without endangering the public.

However, I write this brief memorandum to put counsel for these parties on notice, as well as other parties that seek similar relief, that I will not necessarily agree in advance to the sealing of an arbitration award to facilitate a settlement. Court records are presumptively open for public inspection and parties should not assume that their agreement to secrecy in the arbitration proceeding would automatically carry over to a sealing of an arbitration award where the assistance of the court is sought to enforce the award. Courts have obligations to the public that private arbitrators do not. Here, however, the arbitrators concluded that the "claimant's conduct was not, in the view of the Tribunal, part of a pattern directed at the public generally or likely to cause damage to the general public." Arb. Award at 192. Accordingly, it is hereby

ORDERED that the settlement documents submitted to the court shall be entered on the court's docket but filed under seal. The Clerk of the Court is directed to close the case.